Tagged

ORDERED in the Southern District of Florida on _04/29/10_.



_Raymond B. Ray_

Raymond B. Ray, Judge
United States Bankruptcy Court

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov
Broward Division

In re:                                                    Case No. 09-34791-BKC-RBR

ROTHSTEIN, ROSENFELDT ADLER, P.A.,      Chapter 11

      Debtor.
_____/

CAROLINA CASUALTY COMPANY,

      Plaintiff,

vs.                                                        Adv. Case No.: 09-2481-BKC-RBR-A

ROTHSTEIN, ROSENFELDT ADLER, P.A.,

      Defendant.
_____/

### ORDER DENYING MOTION TO INTERVENE
### FILED BY EDWARD J. MORSE AND CAROL A. MORSE

      THIS MATTER came before the Court for hearing on February 4, 2010, upon the Motion

to Intervene as Defendants in this Adversary Proceeding (the "Motion to Intervene") [D.E. 14],

filed by Edward J. Morse and Carol A. Morse (collectively, the "Morses"), and the response to

the Motion to Intervene (the "Response") [D.E. 27], filed by Plaintiff Carolina Casualty Company

("Carolina Casualty" or the "Plaintiff").   The Morses also filed a reply and memorandum to the

Response (the "Reply") [D.E. 29].   After hearing from counsel and reviewing the contents of the

case file, the Court will deny the Motion to Intervene for the reasons set forth herein.

## I. BACKGROUND AND PROCEDURAL HISTORY

Petitioning creditors Roger Wittenberns, Bonnie Barnett, Aran Development, Inc. and Universal Legal filed an involuntary petition under chapter 11 of the Bankruptcy Code against Rothstein Rosenfeldt Adler, P.A. (the "Debtor") on November 10, 2009.  The Court entered an order for relief on November 30, 2009.

Carolina Casualty initiated this adversary proceeding against the Debtor on December 2, 2009, seeking the rescission of two insurance policies (the "Policies")[1] pursuant to Fla. Stat. § 627.409 and a declaration that alleged misrepresentations made by the Debtor in obtaining the Policies render the Policies unenforceable.

On December 11, 2009, the Morses filed a complaint in Broward County Circuit Court (the "State Court Case") against various principals and agents of the Debtor, including Scott Rothstein, Howard Kusnick, Steven Osber, Russell Adler, Leslie Stracher, and Stuart Rosenfeldt (collectively, the "State Court Defendants").[2]  That complaint alleges that the State Court Defendants committed professional malpractice, negligent supervision, breach of fiduciary duty, and breach of good faith and fair dealing.

On January 21, 2010, the Morses filed the Motion to Intervene, which states in part, "Given their interest in preserving valuable liability insurance coverage that may turn out to be the primary source for recovery in the [State Court Case], movants request this Court grant the subject Motion to Intervene and permit the Morses to intervene as additional Defendants in this adversary proceeding."  Carolina Casualty filed the Response on February 2, 2010, and the

---

[1] Carolina Casualty issued two claims made and reported Lawyers Professional Liability Policies with the Debtor as the named insured: (i) Policy No. 9871870 for the policy period February 22, 2009 to February 22, 2010, with limits of liability of $10,000,000 each claim and in the aggregate, subject to a $25,000 deductible; and (ii) Policy No. 9818271 for the policy period February 22, 2008 to February 22, 2009, with limits of liability of $5,000,000 each claim and in the aggregate, subject to a $25,000 deductible.

[2] Case No. 09-066634.

Morses filed the Reply on February 3, 2010.

## II. ANALYSIS

The Morses assert that they have a right to intervene in this adversary proceeding under

Fed. R. Civ. P. 24(a)(2).[3]  Federal Rule of Civil Procedure 24(a)(2) provides:

> (a) Intervention of Right.  On timely motion, the court must permit anyone to
> intervene who[...]
>> (2) claims an interest relating to the property or transaction that is the
>> subject of the action, and is so situated that disposing of the action may
>> as a practical matter impair or impede the movant's ability to protect its
>> interest, unless existing parties adequately represent that interest.

Thus, under Rule 24(a)(2), a "proposed intervenor must show that it has an interest in

the subject matter of the suit, that its ability to protect that interest may be impaired by the

disposition of the suit, and that existing parties in the suit cannot adequately protect that

interest." *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir.

2005) (quoting *Georgia v. United States Army Corps of Eng'rs*, 302 F.3d 1242, 1249 (11th Cir.

2002)).  Additionally, the interest in question must be "direct, substantial, and legally

protectable." *Mt. Hawley Ins. Co.*, 425 F.3d at 1311 (quoting *Georgia v. United States Army

Corps of Eng'rs*, 302 F.3d at 1250).  A legally protectable interest is more than an economic

interest. *Mt. Hawley Ins. Co.*, 425 F.3d at 1311.  "What is required is that the interest be one

which the *substantive* law recognizes as belonging to or being owned by the applicant." *Mt.

Hawley Ins. Co.*, 425 F.3d at 1311 (quoting *United States v. South Fla. Water Mgmt. Dist.*, 922

F.2d 704, 710 (11th Cir. 1991)).  Put simply, "a legally protectable interest is an interest that

derives from a legal right." *Mt. Hawley Ins. Co.*, 425 F.3d at 1311.

In *Mt. Hawley Ins. Co.*, the Eleventh Circuit Court of Appeals affirmed an order denying

a motion to intervene under factual circumstances similar to those before this Court. *See* 425

F.3d at 1311–12. In *Mt. Hawley*, an insurer sought a declaration of whether it had a duty to

---

[3]Fed. R. Bankr. P. 7024 applies Fed. R. Civ. P. 24 in adversary proceedings.

defend or indemnify its insureds in connection with a wrongful death action alleging that a decedent drowned on the insureds' property. Andre Rigaud ("Rigaud"), as personal representative of the decedent's estate, appealed an order denying his motion to intervene in the declaratory action that the insurer had filed against the insureds. Rigaud argued that he had a legally protectable interest in the declaratory action because he would not have a source from which to recover damages if the insurer did not owe a defense or coverage to the insureds. In affirming the order denying the motion to intervene, the Eleventh Circuit noted that Rigaud's stated interest was "purely economic" because he was not a party to the insurance policy contract and did not cite a legally protectable interest in the insurance policy. *Mt. Hawley Ins. Co.*, 425 F.3d at 1311. Rigaud's interest was also speculative because it was contingent upon his prevailing in the wrongful death action. *Id.* In short, Rigaud's interest did not derive from a legal right and was insufficient to warrant intervention under Fed. R. Civ. P. 24(a)(2). *Mt. Hawley Ins. Co.*, 425 F.3d at 1311–12.

The Morses have cited two cases, *Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5 (Fla. 2004) and *W. Klang & Son, Inc. v. Milar Galleries, Inc.*, 328 So. 2d 510 (Fla. Dist. Ct. App. 3d Dist. 1976), in support of the proposition that, under Florida law, claimant-plaintiffs have a legally protectable interest in an action filed by an insurance carrier seeking to avoid covering its insureds. After reviewing the relevant case law, the Court disagrees.

In *Higgins*, the Supreme Court of Florida discussed whether an indemnity coverage issue may be tried prior to an underlying tort action. *See* 894 So. 2d at 9–18. The Morses argue that, within the context of that discussion, the Florida Supreme Court established a right of intervention for claimant-plaintiffs by stating that "an insurer could properly bring a declaratory action to determine both the duty to defend and duty to indemnify prior to a determination of the insured's liability in the underlying tort action so long as the injured plaintiff

also was made a party to the declaratory action." *See Higgins*, 894 So. 2d at 9 (quoting *State Farm Fire & Cas. Co. v. Higgins*, 788 So. 2d 992, 1003–04 (Fla. 4th DCA 2001)).  Placed in context, however, this quotation concerns declaratory judgment and underlying torts cases with common questions of fact, which could produce invocations of collateral estoppel or *res judicata*. *See State Farm Fire & Cas. Co.*, 788 So. 2d at 1003–04.  That is irrelevant to this adversary proceeding, where the issue of whether the Debtor made material misrepresentations on its application for the Policies has nothing to do with the issues raised in the Morses' state court claim for malpractice.

While it nominally permits intervention by a claimant-plaintiff in an action between an insurer and its insured, *Klang* is problematic on two grounds.  First, *Klang* employs a standard for intervention under Florida law that differs from that of the Federal Rules of Civil Procedure. *See* 328 So. 2d at 510 (citing *Miracle House Co. v. Haige*, 96 So. 2d 417 (Fla. 1957); *Morgareidge v. Howey*, 78 So. 2d 14 (Fla. 1918)).[4]  Additionally, the intervenor in *Klang* was a manufacturer and wholesaler of jewelry that was stolen from the insured, a retail jewelry dealer.  The *Klang* court found, "*As the owner-consignor of property* for loss of which its consignee sought recovery from the insuror [sic], [the intervenor] had an interest in the litigation sufficient to entitle it to intervene."  328 So. 2d at 510 (emphasis supplied).  The Morses are not seeking to intervene as owners of property of the Debtor; they are tort claimants without a judgment. The interest of the intervenor in *Klang* is distinct from that of the Morses' and bears no relation to this matter. *See* 328 So. 2d at 510.

### III. CONCLUSION

The Morses are not insureds and have no legally protected interest under the Policies.

---

[4]That standard for intervention is whether the interest in question is "of such a direct and immediate character that the intervener [sic] will either gain or lose by the direct legal operation and effect of the judgment." *Miracle House Co.*, 96 So. 2d at 418 (quoting *Morgareidge*, 75 Fla. at 15).

Their interest in the Policies is both purely economic and speculative, as it is not yet known whether the Morses will prevail in the State Court Case.  The Morses' interest in the subject matter of this adversary proceeding is not "direct, substantial, and legally protectable," and the Morses are therefore not entitled to intervene under Fed. R. Civ. P. 24(a)(2).  *See Mt. Hawley Ins. Co.*, 425 F.3d at 1311 (quoting *Georgia v. United States Army Corps of Eng'rs*, 302 F.3d at 1250).

    In light of the foregoing, it is

    **ORDERED** that the Motion to Intervene [D.E. 14] is **DENIED**.

###

The Clerk shall provide copies to:

John Bianco III, Esq.
Bradley Fischer, Esq.
Isaac Marcushamer, Esq.